# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTER DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| THE BOARD OF EDUCATION | ) |
| OF THE CITY OF CHICAGO, | ) |
| A MUNICIPAL CORPORATION, | ) |
| Defendant | ) **Jury Trial Demanded.** |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS

NOW COMES, Plaintiff John Doe by and through his attorneys, Thomas Gardiner of Gardiner Koch Weisberg and Wrona, and Michael Rachlis of Rachlis, Duff, & Peel, LLC and in support thereof state as follows.

1. Plaintiff John Doe is a former student at Lincoln Park High School and former member of the Lincoln Park High School Basketball Team.

2. Plaintiff John Doe and his father, along with another student and parent (identified in the Complaint as John Doe V, and John Doe V's father) reported sexual misconduct on a Lincoln Park High School boys' basketball team trip to a tournament. The sexual misconduct involved a minor woman, and at least two minor boys. After reporting this incident, Plaintiff faced a campaign of targeted harassment and retaliation as did the other student that reported the misconduct involving an elimination in playing time by the coaching staff of the Lincoln Park High School boys basketball team, threats of violence from one teammate. Lincoln Park High School and Chicago Public School officials failed to protect them.

3. John Doe has brought suit against the Board of Education of the City of Chicago for failing to protect him and others from the campaign of harassment and investigate the claims of harassment in the case.

4. This case involves a very well publicized incident in a series of incidents at Lincoln Park High School that resulted in the cancellation of the Lincoln Park High School Boys Basketball season, and the firing, or suspension of multiple CPS employees.[1] The Lincoln Park High School Boys Basketball Team was a playoff contender and high-profile team. It has also led in part, to a lawsuit filed by the other students, as well as interim principal John Thuet and vice principal Michelle Brumfield (Brumfield) relating to allegedly defamatory remarks made by CPS officials and claims of a termination without due process.[2] There have been multiple news stories on their termination, including an interview with WTTW news.[3]

5. The student upon whose behalf this suit has been made is a 18-year-old college freshman who has lost significant opportunities in college because of the harassment. As far as the complaint itself, the complaint has been fully anonymized and protects the identity of all minors and students involved.

6. Plaintiff recognizes the substantial possibility of media requests and media inquires if he were to proceed using his real name.

7. The legal standard governing the identities of parties in lawsuits is Fed. R. Civ. P. 10(a). Generally, a party in a lawsuit must use their real name to proceed in a lawsuit. This

---

[1] Leone, Hannah, Lincoln Park High School scandal has sparked 5 investigations and top leaders' removal. Here is how it unfolded. *CHI. TRIB.* (Feb 7, 2020). https://www.chicagotribune.com/news/breaking/ct-cb-lincoln-park-high-school-scandal-timeline-20200206-emooyduj7ffw5biq6gbfikfd44-htmlstory.html

[2] *John Thuet and Michelle Brumfield v. Chicago Public Schools, et al.* N.D.Ill. Filed on Feb 25, 2020.

[3] Caine Paul, and Phil Ponce, Fired Leaders of Lincoln Park High School Speak Out. *WTTW- CHICAGO* (February 27, 2020). https://news.wttw.com/2020/02/27/fired-leaders-lincoln-park-high-school-speak-out

rule was put in place to protect the public interest in the use of the legal system. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

8. However, that presumption may be rebutted if the parties involved allege that they fear retaliation or demonstrate other compelling reasons to file under a pseudonym, the test involves the risk of harm to the party filing under a pseudonym. *Id.*

9. The most typical of these involves protecting the identities of rape victims. *Id.,* discussing *Doe v. Wright*, 82 F.3d 265, 267 (8th Cir.1996) (case in which a gay man, who had not disclosed his sexuality was forced to perform sex acts on a police officer).

10. Other factors courts have considered are the 1. ages of the parties; 2. whether the requested reasons for anonymity are intended to preserve privacy relating to a highly sensitive situation; 3. the harm or retaliation to parties and non-parties; 4. whether the suit is against a governmental or private entity, and; 5. whether defendants would be disadvantaged by the anonymity of a plaintiff. *National Ass'n of Waterfront Employers v. Chao*, 587 F.Supp.2d 90, 100 (D.D.C. 2008).

11. Here, while Plaintiff is not the victim of assault, they are individuals who learned about an assault that took place and attempted to report it.

12. While most of the cases in which individuals receive anonymity relate to sexual assault, a fear of retaliation is also sufficient. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

13. Defendant's actions led to Plaintiff facing a significant campaign of targeted harassment and retaliation, which led to Plaintiff transferring schools.

14. John Doe fears retaliation, although he is no longer a student at Lincoln Park and attends school out of state, because of the media attention on these cases and the

interconnected nature of online communications, Plaintiff can adequately show retaliation.

15. Considering the other factors, as to the first factor Plaintiff is eighteen and a freshman in college.

16. At the time of the incident, the parties involved were all minors.

17. Thus, the first factor favors, the ages of the parties, favors anonymity.

18. As to the second factor, it favors Plaintiff. The following paragraphs will set forth his reasoning.

19. Allowing for Plaintiff to proceed under the pseudonym John Doe rather than initials will preserve his identity because providing initials would allow for his name to be discovered far more easily due to the high-profile nature of the incident.

20. Media attention and even targeted harassment may escalate to an extreme point if his identities are revealed.

21. If his identity were to be released, it would most likely lead to a public revealing of the identity of Jane Doe.

22. As a sexual assault victim, she would no doubt face trauma and undue public attention if this were revealed.

23. Plaintiff has not brought media attention to this case to protect his privacy, and the privacy of those individuals not named in the suit, including Jane Doe.

24. In addition, the identities of the other parent and student who reported the misconduct would also be compromised and face significant media scrutiny.

25. Thus, the second factor also favors anonymity.

26. Based on the above analysis, the third factor, relating to harms alleged to Plaintiff and non-parties, favors Plaintiff's request of anonymity. *Chao*, 587 F.Supp.2d at 100.

27. The suit is brought against a public entity, so the fourth factor, favors disclosure, but the public entity involved has indicated a desire to keep all student information, even that of former students, confidential. *Id.*

28. The final factor is whether a defendant would be disadvantaged in defending a lawsuit against an anonymous plaintiff.

29. This factor favors Plaintiff because Defendant is aware Plaintiff's identity and will not suffer prejudice in defending the suit even if Plaintiffs are anonymous. *Id.*

30. Thus, Plaintiff respectfully request that the Court grant their motion to proceed pseudonymously.

                                          Respectfully submitted,

                                          */s/ Thomas G. Gardiner*
                                          Thomas G. Gardiner
                                          One of Plaintiffs' Attorneys

Thomas G. Gardiner (Ill. Bar 6180243)
Hamza Jaka
Gardiner Koch Weisberg & Wrona
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
P 312-362-0000
F 312-362-0440
tgardiner@gkwwlaw.com

Michael Rachlis
RACHLIS DUFF & PEEL, LLC
542 South Dearborn, Suite 900
Chicago, Illinois 60605
P. 312-733-3950
F. 312-733-3952
mrachlis@rdaplaw.net