# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Case No. 1:22-CV-00583 |
| ) | Honorable Judge Robert Dow |
| ) | |
| ) | |
| THE BOARD OF EDUCATION OF ) | |
| THE CITY OF CHICAGO, ) | |
| A MUNICIPAL CORPORATION ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |
| ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant Board of Education of the City of Chicago ("Board") and Plaintiff John Doe ("Plaintiff"), by their respective attorneys, respectfully request, pursuant to Federal Rule of Civil Procedure 26(c), that this Court enter the Protective Order which has been emailed to this Court's Proposed Order email account. In support thereof, the Parties state as follows:

1. Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

2. Plaintiff and the Board anticipate that they may disclose sensitive and/or confidential personal, financial, investigatory, and employment information during this case. The investigatory material is of particular sensitivity as it involves sexual misconduct involving minors. Plaintiff and the Board have conferred and collectively propose entry of a protective order in the

form submitted concurrently to the Court via its "proposed order" email, and attached hereto as Exhibit A.

3. The proposed protective order follows the Northern District of Illinois Model Confidentiality Order ("NDIL Model Order"), except slight modifications were made and appear in the proposed draft in a red-lined format.

4. The proposed protective order outlines seven categories of materials that may be designated as "Confidential." This Court's standing order requires the parties to file a motion that explains why the requested protective order is necessary. Here, a protective order is necessary for several reasons.

5. **First,** a protective order is required to adequately protect "[i]nformation prohibited from disclosure by statute." This language is derived from the NDIL Model Order, but it equally applies to this case. As a public entity, the Board is subject to a number of federal and state statues, including but not limited to the Illinois Personnel Records Act Records Review Act, 820 ILCS 40/0.01, *et seq.*, the Illinois Freedom of Information Act, 5 ILCS140/1, *et seq.*, the Illinois School Student Records Act, 105 ILCS 10, *et seq.*, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and the Health Insurance Portability and Accountability Act, which govern the disclosure of personnel information, student information, and other materials. Therefore, the parties should be allowed to mark those documents "confidential" that the federal and state legislatures have already determined do not have to be produced to the public.

6. **Second,** a protective order is necessary to adequately protect "[r]esearch, technical, commercial, investigatory, or financial information that the party has maintained as confidential." This case will involve disclosure of Plaintiff's financial information for damages purposes. In addition, this case will involve certain disclosures of investigation materials, student interviews, and investigatory conclusions, which the Board generally maintains as confidential.

7. ***Third,*** a protective order may be necessary to protect "[m]edical information concerning any individual...." Such medical information is typically subject to protection as a matter of public policy, and any protective order should address this category of materials.

8. ***Fourth,*** Plaintiff, a former student of Lincoln Park High School, alleges retaliation, harassment and bullying during the 2019-2020 school year. Accordingly, a Protective Order is necessary for student records protected under the Illinois School Student Records Act, 105 ILCS 10, *et seq.*, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

9. ***Fifth,*** discovery in this case will likely involve disclosure of relevant portions of "[p]ersonnel or employment records of a person who is not a party to the case," which are covered by the Illinois Personnel Records Act Records Review Act, 820 ILCS 40/0.01, *et seq.* as well as 5 ILCS 140/7(1)(n) (exempting from disclosure records relating to employee grievances), (z) (exempting from disclosure certain student information); 5 ILCS 140/7.5(q) (exempting from disclosure records prohibited from being disclosed by the Illinois Personnel Record Review Act). Accordingly, this provision of the proposed protective order is necessary to facilitate discovery in this case by ensuring that the Board is able to produce documents that it would not normally disclose to the public in a confidential manner.

10. Moreover, the other additions to the NDIL Model Order proposed by the parties are reasonable:

　　a) Paragraph 14 – "Unauthorized Disclosure of Protected Material." The parties added this section to ensure that if protected material was disclosed without authorization, it could be remedied and addressed appropriately. The addition of requiring those who inadvertently view material to execute the acknowledgement or agreement to be bound is reasonable, as that is generally required when any third-party views confidential information.

b) Paragraph 15 – "Inadvertent Production of Privileged or Otherwise Protected Material." This paragraph simply sets up the procedure for when privileged information is disclosed to ensure that all parties may adequately protect both the attorney-client privilege and the work-product privilege. It is intended to ensure that the parties are not deemed to have waived their ability to assert any applicable privileges or exemptions in other matters by producing the materials under a confidentiality designation in this case. For example, if the Board produces personnel documents under a "confidentiality" designation in this case, it does not mean that that it is required to produce such documents in response to a Freedom of Information Act request by a completely different party in a separate matter.

c) Paragraph 16 – "No Waiver." This paragraph simply allows for the parties to preserve any claims of privilege or confidentiality for documents that may have been produced without a confidentiality designation or when the documents contain privileged material that was inadvertently produced.

11. Based on the foregoing, good cause exists for the Court to enter a protective order.

WHEREFORE, Plaintiff and the Board respectfully request that the Court: (1) enter a Protective Order, and (2) enter any other relief the Court deems just and appropriate.

Dated: May 19, 2022                              Respectfully submitted,


_____/s/ Thomas G. Gardiner_____         _____/s/ Elizabeth K. Barton_____
Thomas G. Gardiner                                  Elizabeth Kathleen Barton
Hamza Jaka                                               Christy Lynn Michaelson
Gardiner Koch Weisberg & Wrona            1 N. Dearborn, Suite 900
53 W. Jackson Blvd., Suite 950                 Chicago, IL 60602
Chicago, Illinois 60604                               P 773-553-1700
312-362-0000 (phone)                               ekbarton@cps.edu
312-362-0440 (fax)                                    clmichaelson@cps.edu
tgardiner@gkwwlaw.com

| | |
|---|---|
| hjaka@gkwwlaw.com<br>For service and copies: jbox@gkwwlaw.com | *Attorneys for Defendant, Board of Education of the City of Chicago* |

Michael Rachlis
RACHLIS DUFF & PEEL, LLC
542 South Dearborn, Suite 900
Chicago, Illinois 60605
P 312-733-3950
F 312-733-3952
mrachlis@rdaplaw.net

*Attorneys for Plaintiff, John Doe*

## Certificate of Service

I hereby certify that on May 19, 2022, I caused the foregoing Joint Motion for Entry of Protective Order to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on all counsel of record.

/s/Hamza Jaka